UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAMON VEGA,                                :
                                           :
     Petitioner                           :
                                           :
  v.                                       : CIVIL NO. 3:CV-05-1716
                                           :
TROY WILLIAMSON, ET AL.,                   : (Judge Kosik)
                                           :
     Respondents                          :

## **M E M O R A N D U M**

**INTRODUCTION**

Ramon Vega is an inmate currently confined at the United States Penitentiary at Allenwood (USP-Allenwood), Pennsylvania. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 22, 2005, challenging the findings of a disciplinary hearing and the sanctions which were ultimately imposed. Named as Respondents are the following USP-Allenwood officials: Troy Williamson, Warden; C. McConnell, Lieutenant; and Todd W. Cerney, Disciplinary Hearing Officer ("DHO"). For the reasons that follow, the petition will be denied.[1]

---

[1] Also pending in this matter are two requests for the appointment of counsel filed by Vega. (Docs. 4, 16.) Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad

**BACKGROUND**

On January 4, 2005, a search was conducted of Vega's cell in the Special Housing Unit by Senior Officer Simpler. Vega shared this cell with another inmate, Robert Dunifun. Apparently, the bunk mattresses were removed during the course of the search and mechanically scanned for contraband. The scan revealed three weapons located in a hole in the top bunk mattress: an altered half of a pair of scissors, a broken piece of metal from eyeglasses that was sharpened to a point, and a piece of metal wrapped with orange string. Incident reports were issued to both inmates. A copy of his incident report was delivered to Vega the same day.

On January 5, 2005, Vega appeared before the Unit Discipline Committee ("UDC"). Vega received and signed a copy of the "Inmate Rights at Discipline Hearing" form. He also signed the form designated "Notice of Discipline Hearing Before the DHO." On that form, Vega indicated that he wanted staff representation, Dr. Mitchell, for the hearing but did not want any witnesses. (Doc. 18-2, Ex. 1, Attach. C.) The UDC referred the charge to the DHO for further hearing. (Id., Ex. 1, Attach. B.)

---

discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2)(1996). The appointment may be made whenever the court determines that the interests of justice so require and the person is financially eligible. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986). Some of the factors to be considered by the court in making the determination as to whether the appointment of counsel is warranted are the complexity of the case and the petitioner's ability to litigate the matter. In the instant case, the court finds that the appointment of counsel is not warranted. Petitioner does an adequate job of presenting his claims. The issues in the case are also straightforward and do not require further investigation on the part of Vega or the scheduling of a hearing. As such, the motions will be denied.

On January 11, 2005, a disciplinary hearing was conducted.  Dr. Mitchell, Psychologist, appeared on Vega's behalf as requested.  Vega did not request the appearance of any witnesses, as reflected in the DHO report.  He was advised of his rights and indicated his understanding of the same.  At the hearing, Vega simply denied the charge claiming that none of the confiscated weapons were his.

On January 19, 2004, after consideration of all available evidence, including the incident report, photographs of the weapons, and Vega's statement, the DHO issued his written decision finding Vega guilty of the prohibited act of possession of a weapon.  (Id., Ex. 1, Attach. D; Doc. 1, Compl., Ex. "B".)  In reaching his decision the DHO found the greater weight of the evidence to support Vega's guilt.  He cited to the fact that Vega resided in the SHU cell for 16 days prior to the discovery of the items.  Vega was sanctioned to 32 days loss of good conduct time, 30 days in disciplinary segregation, and a 3 month loss of commissary privileges.  (Id.)

Vega thereafter appealed the DHO decision through the appropriate grievance channels.  He was unsuccessful at each level.  He files the instant petition seeking relief which includes the restoration of good conduct time and the expungement of the incident report.  In the petition, he alleges that his due process rights were violated during the course of the disciplinary hearing when his request to take a picture of his cellmate's eyeglasses was denied and when the DHO refused to allow him to call witnesses and present material evidence.

## DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2241 is the proper mechanism for a

3

federal prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). A violation of a prisoner's liberty interest may be addressed by a writ of habeas corpus only to the extent that the alleged violation impacts a prisoner's length of confinement. See Wolff v. McDonnell, 418 U.S. 539 (1974). Vega's claim that his due process rights have been violated, and that the violation has resulted in the imposition of the sanction of loss of good conduct time, which lengthens his prison term, is properly brought in a habeas corpus petition.

The Bureau of Prisons' ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.14. Staff is required to conduct the investigation promptly unless circumstances beyond the control of the investigator intervene. 28 C.F.R. § 541.14(b).

Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. Because Vega was charged with an offense in the greatest severity category, the matter was

referred for a disciplinary hearing.

Greatest severity category offenses carry a possible sanction of loss of good conduct time credits, inter alia. 28 C.F.R. § 541.13.  When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive: (1) written notice of the claimed violation at least twenty-four hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. See Wolff, 418 U.S. at 564.  All indications from the record are that the BOP afforded Vega these protections.  There is no question and Vega does not argue that he was not provided notice of the violation at least twenty-four hours in advance of the hearing.  In fact, he was given notice the same day the incident occurred.  He also does not contest the fact that he was provided a written statement by the DHO as to the evidence relied on and setting forth the reasons for the sanctions imposed.

Vega does claim, however, that he was not afforded the opportunity to call witnesses and present evidence.  There is no evidence in the record that Vega requested the presentation of any material evidence or witnesses.  In fact, on the "Notice of Discipline Hearing Before the DHO" form and at the DHO hearing, Vega noted that he did not wish to submit evidence or have witnesses.  (Doc. 18-2, Ex. 1, Attach. C, D.)  Further, while Vega claims that his request to take a picture of his cellmate's eyeglasses was wrongly denied, there is no evidence in the

5

record that Vega requested the taking of any pictures.  In addition, photographs of the three items found in Vega's SHU cell were presented at the DHO hearing and considered by the DHO.  (Id., Ex. 1, Attach, D.)  In making this argument Vega apparently sought to argue that the one weapon was made using part of his cellmate's eyeglasses and therefore this would implicate his cellmate as the offender with regard to this incident.  However, even if a picture of his cellmate's glasses had been offered as evidence by Vega, this certainly would not have exonerated him in any way in that he too had access to the eyeglasses.  Based on the foregoing, all indications from the record support the conclusion that Vega was afforded the required due process protections in this case.[2]

Vega also challenges the sufficiency of the evidence based upon the fact that he shared his SHU cell with another inmate.  He argues that the evidence points to his cellmate because the weapons were found in a hole in the bottom of his bunk mattress.  The disciplinary hearing officer's decision is required to be supported by "some evidence" in the record.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991)(applying Hill standard to federal prisoner due process challenges to prison disciplinary proceedings).

Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant

---

[2] It is further noted that Vega requested and was permitted to have a staff representative in this case.  There is no indication in the record that any requests for the taking of a picture or the introduction of witnesses was made on Vega's behalf lending further support to the fact that he waived the right to present evidence and witnesses.

question is whether there is any evidence in the record that could support the disciplinary hearing officer's conclusion.  See Hill, 472 U.S. at 454.  In considering the evidence, as recited in the statement of facts section, supra, the court finds that there was "some evidence" to support the disciplinary hearing officer's decision.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. . . .[No] other standard greater than some evidence applies in this context."  Id. at 455-56.  Under the doctrine of constructive possession, Vega and his cellmate are responsible for contraband found in their cell.  See generally White v. Kane, 860 F.Supp. 1075, 1079 & n.5 (E.D. Pa. 1994).[3]  Vega was assigned to the SHU cell where the contraband was found and he had access to the area where the contraband was found.  Clearly, there existed "some evidence" in the DHO's report to find the prohibited act was committed by Vega.  The sanctions imposed by the DHO were also within the range permitted.  Accordingly, the instant petition for writ of habeas corpus will be denied.  An appropriate Order is attached.

---

[3] See also Bureau of Prisons Program Statement 5270.07 regarding Inmate Discipline and Special Housing Units which states that it is an inmate's responsibility to keep his or her area free of contraband.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAMON VEGA, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-05-1716
:
TROY WILLIAMSON, ET AL., : (Judge Kosik)
:
    Respondents :

# O R D E R

**NOW, THIS 22nd DAY OF NOVEMBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is denied.

2. Petitioner's motions seeking the appointment of counsel (Docs. 4, 16) are denied.

3. The Clerk of Court is directed to close this case.

                        s/Edwin M. Kosik
                        United States District Judge